UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DALLAS BYRGE )<br>) | No. 3:18-CR-193-1 |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 10, 2020. At the hearing, Ms. Byrge was present by video teleconference, as was her attorney, Mr. Randy G. Rogers.

### I.     Plea Hearing

Ms. Byrge moved to withdraw her not guilty plea to Count One of the Indictment and entered a plea of guilty to Count One, that is, of conspiracy to distribute and possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

1

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I further **RECOMMEND** that Ms. Byrge's motion to withdraw her not guilty plea to Count One of the Indictment be granted. I **RECOMMEND** that her plea of guilty to Count One of the Indictment, that is, of conspiracy to distribute and possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), be accepted. I **RECOMMEND** that the Court adjudicate defendant guilty of the charge in Count One of the indictment, that is of conspiracy to distribute and possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and a decision on whether to accept the plea agreement be deferred until sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

## II. Detention Pending Sentencing

Ms. Byrge, who has been on supervised pretrial release, also moved for continued release pending sentencing. The government opposes continued release, and argument was heard on the matter.

Under the Mandatory Detention Act of 1990, a district court "shall order a defendant detained pending sentencing if [s]he has been found guilty" of a federal drug offense "for which a maximum term of imprisonment of ten years or more is prescribed." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010); *see also* 18 U.S.C. § 3143(a)(2); 18 U.S.C.

§ 3142(f)(1)(C). However, there are exceptions. Due to Ms. Byrge's plea to a controlled substance offense, Ms. Byrge must be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and it has been "clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c). The burden rests with the defendant. *See* Fed. R. Crim. P. 46

In short, Ms. Byrge must demonstrate that she is not a flight risk or a danger to the community and that exceptional circumstances that make detention inappropriate.

### A. Flight Risk and Danger to the Community

First, the Court must determine whether there is clear and convincing evidence that Ms. Byrge is not likely to flee or pose a danger to the safety of any other person or the community if released. Factors that typically guide the Court regarding these questions in the pretrial context are (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the Defendant, (3) the Defendant's history and characteristics, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [Defendant's] release." 18 U.S.C § 3142(g)(1)-(4).

Here, Ms. Byrge has pled guilty to conspiring to distribute and possessing with the intent to distribute 50 grams or more of methamphetamine. The first two factors favor detention, because, in even the pretrial context, the Sixth Circuit "routinely affirms, on dangerousness grounds, . . . detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *United States v. Stone*, 608 F.3d 939, 947 n. 6 (6th Cir. 2010). However, Ms. Byrge is only 24 and is the parent of a very

young son. She has no criminal history apart from the events giving rise to this case. She continues to maintain employment and assists in the care of her father who has recently suffered a serious heart attack so that her mother, with whom she lives, can maintain her employment. The Court concludes that there is clear and convincing evidence that she is not a flight risk or a danger to the community should she be released pending sentencing.

On balance, the Court concludes that, while Ms. Byrge's crime in this case is extremely serious, she has presented clear and convincing evidence that she does not pose a flight risk or a risk to the community should she be released pending sentencing.

### B. Exceptional Circumstances

Second, the Court must determine whether exceptional circumstances clearly show that detention would not be appropriate. What constitutes an "exceptional reason" for purposes of § 3145(c) is not defined in the statute, but release in these circumstances "must be 'infrequent' and 'rare.'" *United States v. Wells*, No. 3:18-CR-157-PLR-DCP, 2020 WL 4043981, at *4 (E.D. Tenn. May 7, 2020) (citations omitted). "'Exceptional reasons' should set a defendant apart from other persons convicted of similar offenses." *Id.* Moreover, "even exceptional reasons would not justify release if they are based on nothing more than probability, conjecture, intuition or speculation. Instead, according to the statute's explicit language, exceptional reasons must be 'clearly shown' to render a person's detention as inappropriate." *Id.* (citation omitted).

Here, Ms. Byrge circumstances are also exceptional. Ms. Byrge is a young woman at a crossroads in her life. The people with whom she associated have led her down a dark path that brings her to this point. However, she has done well under pretrial supervision

4

and has cooperated in the case. Moreover, she is the caretaker for a young son that she must support and a caretaker for her recently ill father so that her mother may maintain employment. Further still, she has only negative drug tests and no prior criminal history, which are both incredibly rare in these types of cases. Lastly, the Court notes the pall cast over her circumstances by the COVID-19 pandemic. The Court concludes that these circumstances, in concert, have clearly shown exceptional circumstances, as compared to similarly convicted defendants, that would make detention pending sentencing inappropriate.

### C. Conclusion

Therefore, I find that Ms. Byrge meets the exceptions to the Mandatory Detention Act of 1990 in accordance with 18 U.S.C. § 3145(c) and 18 U.S.C. § 3143(a)(2). I will recommend that Ms. Byrge continue on supervised release until her sentencing. I **RECOMMEND** the defendant continue on release pending sentencing under the same conditions as her pretrial release.

C. Clifford Shirley,
United States Magistrate Judge

### NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).